**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          apersinger@bursor.com
          jluster@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLLIE DELANEY, ANGELA DOBBINS, and AMANDA RETCOFSKY individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>SENSA PRODUCTS, LLC, SENSA, INC., f/k/a INTELLIGENT BEAUTY, INC., GENERAL NUTRITION CORP., GENERAL NUTRITION CENTERS, INC., and ALAN R. HIRSCH,<br><br>     Defendants. | Case No.  3:14-cv-02120 JLS- WVG<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(3)**<br><br>Date:  December 18, 2014<br>Time:  1:30 p.m.<br>Courtroom: 4A, Suite 4135<br>     221 W. Broadway<br>     San Diego, CA 92101<br>Judge:  Hon. Janis L. Sammartino |
| JOSE CONDE, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v. | Case No. 14-cv-0051 JLS -WVG |

| | |
|---|---|
| SENSA PRODUCTS, LLC; and DOES 1-10, Inclusive,<br><br>             Defendants | |

2:14-cv-02325-JLS-WVG

SUSAN GRACE STOKES, Individually and On Behalf of Herself and All Others Similarly Situated,

             Plaintiff,

 v.

SENSA PRODUCTS, LLC; and DOES 1-10, Inclusive,

             Defendants.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

1

1
2

# TABLE OF CONTENTS

PAGE(S)

3     I.    INTRODUCTION AND PRELIMINARY STATEMENT ............................. 1

4     II.   FACTUAL BACKGROUND ............................................................. 2

5           A.   Brief History of Sensa Products .................................. 2

            B.   The *McClendon* and *In re Sensa* Actions ........................ 4

6           C.   The FTC Action ............................................................ 4

7           D.   The Current Litigation .................................................. 5

8     III.  ARGUMENT ..................................................................................... 6

            A.   The Court Should Consolidate the Related Cases ................ 6

9           B.   The Court Should Appoint Bursor & Fisher as Interim
                 Class Counsel ................................................................... 7

10               1.   Bursor & Fisher Successfully Litigated Claims
11                    Against Defendants in *In re Sensa* ............................. 9

12               2.   Bursor & Fisher's Investigation in the Current
                      Litigation ........................................................... 12

13          C.   Recent Activity in the *Pritchard-Malo* Case Indicates an
                 Attempt to Enter into A Collusive Settlement ...................... 13

14          D.   Bursor & Fisher's Experience in Handling Class Actions
                 and Other Complex Litigation ............................................ 14

15    IV.   CONCLUSION ................................................................................. 17

16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Hill v. The Tribune Co.*,
  No. 05-2602, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ....................................8

*Huene v. United States*,
  743 F.2d 703 (9th Cir. 1984) ......................................................................................6

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ...............................................................................8

*Investors Research Co. v. U.S. District Court for Cent. Dist.*,
  877 F.2d 777 (9th Cir. 1989)......................................................................................6

*Jordan v. County of Los Angeles*,
  669 F.2d 1311 (9th Cir. 1980).....................................................................................8

*Owen v. Labor Ready Inc.*,
  146 Fed.Appx. 139 (9th Cir. 2005) ...........................................................................6

*Parkinson v. Hyundai Motor Am.*,
  No. 06-345, 2006 WL2289801 (C.D. Cal. Aug. 7, 2006)...........................................7

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
  611 F. Supp. 990 (C.D. Cal. 1984)............................................................................6

*Vincent v. Hughes Air West, Inc.*,
  557 F.2d 759 (9th Cir. 1977)......................................................................................6

## STATUTES

15 U.S.C. § 45(a) ...........................................................................................................4

15 U.S.C. § 52 ................................................................................................................4

15 U.S.C. § 2301 ............................................................................................................5

73 P.S. § 201-1 ...............................................................................................................5

California Business & Professions Code § 17200.........................................................5

California Business & Professions Code § 17500.........................................................5

California Civil Code § 1750..........................................................................................5

## OTHER AUTHORITIES

FED.R.CIV.P. 23, Advisory Committee Notes (2003) .........................................12, 13

1

**RULES**

2

Fed. R. Civ. P. 23 ...................................................................................... 1, 7, 8, 16

3

Fed. R. Civ. P. 42(a) ............................................................................................ 6

4

**TREATISES**

5

6    Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide:*
     *Fed. Civ. Pro Before Trial* (The Rutter Group 2010) § 16:151 ................................ 6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND PRELIMINARY STATEMENT

Plaintiffs Mollie Delaney ("Delaney"), Angela Dobbins ("Dobbins"), and Amanda Retcofsky ("Retcofsky") (collectively "Plaintiffs") and Bursor & Fisher, P.A. ("Bursor & Fisher") move this Court for an order consolidating their above-captioned lawsuits which relate to the same subject matter, seek to represent the same class of people for virtually identical legal claims, are based on effectively identical factual allegations, and are against the same defendants, Sensa Products, LLC, Sensa, Inc., f/k/a Intelligent Beauty, Inc., General Nutrition Corp., General Nutrition Centers, Inc., and Alan R. Hirsch (collectively, "Defendants").  In addition, Plaintiffs move pursuant to Fed. R. Civ. P. 23(g)(3) to appoint Bursor & Fisher interim class counsel.  Plaintiff Susan Grace Stokes of the *Stokes* action supports consolidation of the above-entitled actions and appointment of Bursor & Fisher as interim class counsel.  *See* Fisher Decl. at ¶ 3.

This motion is brought on the grounds that consolidation and appointment of interim class counsel is necessary to protect the interests of the proposed class and progress toward class certification and trial.  Additionally, appointment of interim class counsel will create one unified voice for Plaintiffs and all putative class plaintiffs, and in turn promote efficiency and conserve judicial resources.  Plaintiffs' counsel is in a unique position to meet these objectives.  Bursor & Fisher successfully litigated claims against Defendants in a previous action, *In re Sensa Weightloss System Litigation*, Case No. 11-cv-01650 RS (N.D. Cal. 2011) (hereafter, "*In re Sensa*"), where the Honorable Judge Yvonne Gonzalez Rogers appointed Bursor & Fisher interim class counsel.  *See* Declaration of L. Timothy Fisher ("Fisher Decl."), ¶ 2, Exh. A.  The settlement reached in that case provided real monetary relief to class members, and the experience and information gained by Bursor & Fisher during that litigation will be invaluable in the current action.

Further, Defendants are up to their old tricks again. While litigating *In re Sensa*, Defendants attempted to enter into a bargain basement settlement in the Los Angeles Superior Court. *See Correa v. Sensa Products, LLC*, Case No. BC476808 (LASC Feb. 7, 2012). Plaintiffs successfully blocked that collusive attempt. *See id.* Recent activity in *Pritchard-Malo v. Sensa Products, LLC*, Case No. 37-2013-00078088-CU-CTL (2013), which was filed in the San Diego Superior Court, indicates Defendants may again be attempting to enter into a low value settlement that sells the class down river.

For all these reasons, and as detailed more fully below, Plaintiffs respectfully request that the Court grant their motion to consolidate the *Delaney*, *Conde*, and *Stokes* cases and appoint Bursor & Fisher as interim class counsel.

## II.  FACTUAL BACKGROUND

Plaintiffs Delaney, Dobbins, and Retcofsky bring this class action complaint against Sensa Products, LLC, General Nutrition Corporation, General Nutrition Centers, Inc., and Sensa, Inc. (formerly Intelligent Beauty, Inc.), and Dr. Alan R. Hirsch (collectively, "Defendants"). Complaint at 1. This is a class action lawsuit on behalf of purchasers of the Sensa Weight Loss System ("Sensa"), which is marketed as "an easy, effective way to lose weight" that is "doctor formulated" and "clinically shown to help you lose up to 30lbs or more in just 6 months." *Id.* at ¶ 1. Sensa consists of shakers of magic "tastant crystals," also described as "sprinkles," which users are instructed to sprinkle on their food. *Id.*

### A.    Brief History of Sensa Products

According to the sales pitch, Sensa crystals work with your sense of smell to stimulate an area of your brain called the "satiety center," which "tells your body it's time to stop eating." *Id.* ¶¶ 2-3. As a result, you eat less and lose weight. *Id.* This sales pitch is false, misleading, and unsubstantiated because there is no competent and reliable scientific evidence to substantiate these claims. *Id.* ¶ 9. In fact, Sensa

crystals (a) have never been proven efficacious for weight loss, (b) have never been proven to have any effect on the "satiety center" of the brain, and (c) are ineffective. *Id.*

According to a September 2002 Federal Trade Commission Staff Report, the number of Americans who are overweight or obese have reached epidemic proportions; it afflicts 6 out of every 10 Americans. *Id.* ¶ 11. At the same time, nearly 29% of men and 44% of women are trying to lose weight (an estimated 68 million American adults). *Id.* Thus, the potential market for sellers of weight-loss products and services is huge. *Id.* Consumers spent an estimated $34.7 billion in 2000 on weight-loss products and programs. *Id.* The marketplace has responded with a proliferation of products and services, and many promise miraculous, quick-fix remedies. The FTC found that "[t]he use of false or misleading claims in weight-loss advertising is rampant." *Id.*

Into this lucrative market stepped a particularly sophisticated huckster – one with a medical degree and a thick stack of junk science to support the claim that his magic crystals are "clinically proven" to promote weight loss without diet or exercise. *Id.* ¶ 12. Dr. Alan Hirsch, M.D., is a board-certified neurologist. *Id.* His name and photograph appear on Sensa's packaging, website, advertisements, and promotional literature, together with claims that he has conducted and published more than 200 research studies, authored 7 books, and appeared on numerous television programs including Dateline NBC, CNN, the CBS Early Show, Good Morning America and Extra. *Id.* Reportedly, Dr. Hirsch's 20-plus years of research regarding the impact of smell and taste on weight loss culminated in the patent-pending technology used in the SENSA® Weight-Loss System. *Id.* Omitted from these descriptions is the fact that in all these 20 years of research neither Dr. Hirsch, nor any other medical professional, has produced any competent and reliable scientific evidence to substantiate the claim that Sensa crystals effectively promote weight loss. *Id.* ¶ 13. Nevertheless, recent changes in the law limiting

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

3

governmental oversight of weight loss products created an opportunity for Dr. Hirsh to market Sensa crystals without government scrutiny of the junk science underlying the product. *Id.* Dr. Hirsch took advantage of this change in regulatory structure to market Sensa crystals to millions of consumers who would be unable to decipher and debunk the junk science behind the product. *Id.*

## B. The *McClendon* and *In re Sensa* Actions

On April 5, 2011, Jeannette McClendon brought an action against Defendants on the same grounds asserted in the current case. *See In re Sensa*, Case No. 11-cv-01650 RS (N.D. Cal. 2011). After multiple firms sought appointment as class counsel in the case, the Honorable Judge Yvonne Gonzalez Rogers appointed Bursor & Fisher co-lead interim class counsel. *See* Fisher Decl., ¶ 2, Exh. A. Almost a year after commencement of the *McClendon* action, which was consolidated with other actions to create the *In re Sensa* case, another case *with identical claims and defendants* was filed in the Los Angeles Superior Court. *See Correa v. Sensa Products LLC*, BC476808 (LASC Feb. 7, 2012). A motion for preliminary approval was filed on the same day as the complaint in *Correa*. The proposed settlement offered only $1 million for class but did include a payment of $175,000 for Correa's counsel. Plaintiff McClendon, represented by Bursor & Fisher, vigorously opposed the settlement and succeeded in blocking it. *Id.* After additional discovery, a successful settlement was reached in *In re Sensa* that obtained real monetary relief for the class of Sensa purchasers. Fisher Decl. at ¶¶ 8-10.

## C. The FTC Action

On January 7, 2014, the FTC brought suit against Defendants for unfair or deceptive practices and false advertisement in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§45(a) and 52. Compl. at ¶¶ 99-101. As a result, the FTC and Defendants entered a settlement agreement for injunctive relief and for over $46 million dollars in equitable relief. Although the FTC reported sales of Sensa totaled

nearly $364 million from 2008-2012, the judgment was reduced to just over $26 million dollars.  Following that action, the *Delaney*, *Conde*, and *Stokes* cases were filed.

### D.    The Current Litigation

Plaintiffs Delaney, Dobbins, and Retcofsky seek to represent a class defined as all persons in the United States who purchased Sensa crystals at any time from August 22, 2012 to the present (the "National Class").  *Id*. ¶ 101.  Plaintiffs Delaney and Dobbins also seek to represent a subclass defined as all members of the Class who purchased Sensa crystals from within the state of California (the "California Subclass") at any time from August 22, 2012 to the present.  *Id*. ¶ 102.  Plaintiff Retcofsky seeks to represent a subclass defined as all members of the Class who purchased Sensa crystals from within the state of Pennsylvania (the "Pennsylvania Subclass") at any time from August 22, 2012 to present.

In total, Plaintiffs Delaney, Dobbins, and Retcofsky assert ten claims including claims for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Count I), Breach of Express Warranty (Count II), Breach of Implied Warranties (Count III), for Violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.* (Count IV), for violation of California's False Advertising Law ("FAL"), California Business & Professions Code § 17500 *et seq.* (Count V), and for violation of the unlawful, unfair, and fraudulent and deceptive prongs of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200 *et seq.* (Counts VI-VIII), Negligent Misrepresentation (Count IX), for Unlawful Business Practices in Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, *et seq.* (Count X).

Plaintiff Susan Grace Stokes supports this motion to consolidate the three actions and appoint Bursor & Fisher interim class counsel.  *See* Fisher Decl. at ¶ 3.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

5

# III.  ARGUMENT

### A.    The Court Should Consolidate the Related Cases

Pursuant to Fed. R. Civ. P. 42(a), cases should be consolidated where they involve common questions of law or fact.  This Court has broad discretion under this rule to consolidate cases within this district even when cases are pending before different judges.  *See Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored.") (citations omitted).  Further, the decision to consolidate is left to the sound discretion of the Court and will not be reversed absent clear error.  *See* Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide:  Fed. Civ. Pro Before Trial* (The Rutter Group 2010) (hereinafter "Rutter") § 16:151.

Courts have recognized that class actions are particularly well-suited for consolidation because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. 139, 141 (9th Cir. 2005) (*citing Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).  Consolidation also reduces the confusion and delay that may result from prosecuting related class actions separately. *Id*.

Here, the *Delaney*, *Conde*, and *Stokes* actions involve substantially similar, if not identical factual issues such that consolidation would serve the interests of judicial economy.  For example, the cases contain the following factual similarities:

- The cases name the same defendants;

- Plaintiffs are all individuals who purchased Sensa;

- Defendants' false and misleading statements about Sensa's efficacy;

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

6

- If the truth about the efficiency of Sensa had been disclosed, none of the Plaintiffs in any of the three actions would have purchased the product, since it was falsely and misleadingly advertised.

- Plaintiffs have lost money in the form of the purchase price paid for Sensa Products.

Accordingly, consolidation of the *Delaney*, *Conde*, and *Stokes* actions is appropriate here.  To effectuate consolidation, Plaintiffs Delaney, Dobbins, Retcofsky, and Stokes request leave to file a consolidated complaint with the Court on or before thirty days from the date the Court enters an order consolidating the actions.  Doing so will promote the expeditious resolution of pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings.  Such procedures will not only simplify the presentation of any issues Defendants intend to raise concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues.  Entry of the proposed order will therefore assist the Court by providing for the orderly, cost effective, and timely prosecution of all three cases.

### B. The Court Should Appoint Bursor & Fisher as Interim Class Counsel

Under Fed. R. Civ. P. 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (hereafter "Notes") accompanying the rule to hold that interim counsel ***should*** be appointed when necessary to protect the interests of the putative class.  *See, e.g., Parkinson v. Hyundai Motor Am.*, No. 06-345, 2006 WL2289801, at *2 (C.D. Cal. Aug. 7, 2006).  Further, the Notes contemplate that "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and recognize "that in many cases the need to progress toward the certification determination may ***require*** designation of

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

7

interim counsel."  Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

Courts generally interpret the considerations set out in Rule 23(g)(1), which govern appointment of class counsel once a class is certified, to apply equally to the designation of interim class counsel before certification.  *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (*citing Parkinson*), No. 06-345, 2006 WL 2289801, at *2; *Hill v. The Tribune Co.*, No. 05-2602, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005)).

Rule 23(g)(1) provides, in relevant part, that in appointing class counsel the Court:

(A) must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class;

(B)  may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1980), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).  The considerations set forth below in detail support the designation of Bursor & Fisher as interim class counsel.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

8

1.    **Bursor & Fisher Successfully Litigated Claims Against Defendants in *In re Sensa***

Bursor & Fisher has a proven record in obtaining relief for Sensa purchasers. April 5, 2011, Jeannette McClendon brought an action against Defendants on the same grounds asserted in the current case.  *See In re Sensa*, Case No. 11-cv-01650 RS (N.D. Cal. 2011).  When the *McClendon* case was consolidated with other pending actions, Bursor & Fisher was appointed lead interim class counsel in *In re Sensa*, Case No. 11-cv-01650 RS (N.D. Cal. 2011) and successfully obtained a settlement for Sensa purchasers prior to August 22, 2012.  As a result of this previous litigation, counsel at Bursor & Fisher is in a unique position to bring previously obtained experience and expertise to the current litigation.  That will, in turn, result in the best representation to the class.

In preparation for *In re Sensa*, Bursor & Fisher performed the following work to identify and investigate the claims in the action:

a)  Attorneys at Bursor & Fisher spent approximately two months researching the Company's "magic" "tastant" "crystals" and the purported "clinical study" that supposedly supports the Company's product claims.  Fisher Decl. at ¶ 4.  In addition, prior to filing the action, Plaintiff's counsel retained an independent expert to review Dr. Hirsch's purported "clinical study." *Id.* at ¶ 5.  The expert examined the reports from Dr. Hirsch's "study" and concluded that it is not scientifically credible and does not support claims that Sensa crystals are effective for weight loss. *Id.*  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state as what the Court should consider in appointing Interim Class Counsel;

b)  As part of their pre-suit investigation, Bursor & Fisher corresponded with and/or interviewed numerous class members to develop an understanding of Sensa and its impact on class members. *Id.* at ¶ 6; and

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

9

c) Bursor & Fisher conducted a thorough search of publicly available sources to locate and analyze all available documents related to the Company, Sensa crystals, the Company's marketing of Sensa crystals, and Dr. Alan Hirsch, M.D. *Id.* at ¶ 7.

In addition to the pre-suit investigation, Bursor & Fisher vigorously litigated the *In re Sensa* case. Bursor & Fisher engaged in significant discovery regarding the claims in the case. *Id.* at ¶ 8. For example, Defendant's initial production included samples of Sensa's online print, television, and in-store marketing materials as well as exemplars of the product packaging from 2009-2011. *Id.* The production also included documents related to the clinical studies of the products and medical journal articles on the subject of taste and smell perception. *Id.*

On December 14, 2011, Plaintiff's counsel also took the deposition of Charlotte Kiosea, the director of the primary clinical study Defendants rely on in their advertisements for Sensa. *Id.* at ¶ 9. The study was conducted at BATTS laboratories, as was described as a "Double Blind, Placebo-Controlled Lab Study." *Id.* Ms. Kiosea admitted in her deposition that **all of BATTS' paper files had been shredded and use by Ms. Kiosea's cats as kitty litter**. *Id.*, ¶ 9, Exh. B at 235:12-18. According to Ms. Kiosea, the electronically stored documents were lost because they were all on one computer that "crashed" in 2009. *Id.* at 282: 9-25.

Although Ms. Kiosea was the "Study Director" and sole author of the protocol used in the study and the "single point of study control … with ultimate responsibility for the overall scientific conduct of the study," she is not a scientist. *Id.* at 134:19-21 ("Q: So you would not describe yourself as a scientist? A: No."). She went on the admit that she is not qualified by training or experience to conduct a study according to the FDA's Good Laboratory Practices (GLP) or Good Clinical Practices (GCP) standards. *Id.* at 130: 6-8 ("I will never be a study director on a GLP study. I cannot be one, because my background does not qualify me to be one

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

10

… I don't have the experience and formal education to do a GLP study *in vitro* or *in vivo*."); *id.* at 157:5-10 ("Q: You are not qualified by education, training, or experience to be an investigator in a clinical study … Is that accurate? … A: Yes. It is accurate…").  In fact, Ms. Kiosea had no training or experience that would qualify her to conduct clinical studies.  Compl. at ¶ 78-79.  Instead her background is in reception and managerial work at a veterinary hospital and as a travel agent.  *Id.* When she joined BATTS laboratory, which was founded by her husband and their son, she worked as a "volunteer" who handled "all the operations from cleaning the floors and monitoring construction to everything."  Fisher Decl., ¶ 9, Exh. B at 29:2-19.

Notably, the deposition revealed that no medical doctors were involved in the BATTS study.  *Id.* at 159:15-20.  Further, the "study" was fatally flawed:

- Although the study referred to an "Institutional Review Board (IRB)," none actually existed (*Id.* at 155:16-24, 156:5);

- While the BATTS report makes reference to "[m]onthly clinical visits" and "clinic controlled weighing processes," Ms. Kiosea admitted there was no clinic and no clinic controlled weighing process (*Id.* at 222:10-223-9, 242:1-4);

- Based on her reports and other written material, Ms. Kiosea could not determine the actual number of participants enrolled in the study, nor was she able to determine how many completed the study (*Id.* at 185:9-16);

- Ms. Kiosea's daughter was a study participant who was paid for using the Sensa Products.  *Id.* at 209:1-18 ("I even paid her.  She was huge."). She also performed some of the statistical analysis of the data (*Id.* at 269:9-10), communicated with the sponsor about the calculations (*Id.* at 269:14-17), and gave a testimonial for Sensa after the study was done

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

11

(*Id.* at 327:3-6 ("Q: Did your daughter ever give a testimonial for Sensa? A: Oh, yes. She landed a husband after Sensa. She was happy.")).

Ms. Kiosea offered no explanation for any of these concerning details about the study. *Id.* at 250:20-256:10. Instead, she admitted that her report was riddled with errors and that she was unqualified to do the study:

> [Y]eah, there were mistakes, okay. I didn't verify the data because I didn't have it anymore. I might be an idiot, nonqualified, and not a scientist to do this test, but there were so many entities around me that didn't see the mistakes, I wonder who in QVC, in my report, didn't see the mistakes.

*Id.* at 263:8-13.

Further the discovery taken by Bursor & Fisher in the *In re Sensa* case weighs strongly in favor of appointing the firm as interim class counsel. The Advisory Committee Notes to Rule 23 contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny certification pursuant to Rule 23(c)(1), inasmuch as "some discovery is often necessary for that determination." FED.R.CIV.P. 23, Advisory Committee Notes (2003). The Notes further state that "[o]rdinarily such work is handled by the lawyer who filed the action." *Id.*

Ultimately, Bursor & Fisher obtained a $9 million settlement for the class in *In re Sensa.* Fisher Decl. at ¶ 10. Accordingly, Bursor & Fisher's extensive experience in the previous litigation and successful resolution of the case weighs in favor of appointing the firm as interim class counsel.

## 2. Bursor & Fisher's Investigation in the Current Litigation

Since *In re Sensa*, Bursor & Fisher has continued to identify and investigate additional claims against Defendants, which further demonstrates that they have and will continue to fairly and adequately represent the class. *Id.* at ¶ 10. While a significant amount of discovery and related motion practice is expected to take place

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

12

prior to the determination of certification, Bursor & Fisher have the benefit of their previous experience to expedite the proceedings and maximize any benefits that may be obtained by the putative class. *See id.*; *see also* FED.R.CIV.P. 23, Advisory Committee Notes (2003) (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Plaintiff's counsel's thorough investigation into the claims have prepared them to handle the prospective discovery and related motion practice.

## C. Recent Activity in the *Pritchard-Malo* Case Indicates an Attempt to Enter into A Collusive Settlement

Defendants are up to their old tricks again. While litigating *In re Sensa*, Plaintiff McClendon and her counsel at Bursor & Fisher discovered that Defendants were attempting to enter into a low value settlement in Los Angeles Superior Court. *See Correa v. Sensa Products LLC*, BC476808 (LASC Feb. 7, 2012). For example, the *Correa v. Sensa Products, LLC* settlement provided monetary relief in the form of a one million dollar common fund. *See id.* After the deduction of $175,000 in attorney's fees and costs as well as the cost of administering the settlement (estimated at $125,000), only $700,000 would have been left to distribute amongst hundreds of thousands of class members. *See id.* The one million dollar settlement in *Correa* also stands in stark contrast to the estimated sales of Sensa during the class period, which significantly exceeded 100 million dollars. *See id.* Plaintiffs successfully blocked that collusive attempt. *See id.* Recent activity in *Pritchard-Malo v. Sensa Products, LLC*, Case No. 37-2013-00078088-CU-CTL (2013), which was filed in the Superior Court of the State of California for the County of San Diego, indicates Defendants have again attempted to enter into a collusive settlement to the detriment of the class.

Plaintiffs Delaney, Dobbins, and Retcofsky discovered that on September 12, 2014, Defendants and Pritchard-Malo had informed the Superior Court for the County of San Diego that they had entered into an undisclosed settlement agreement.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

13

Fisher Decl., ¶ 11, Exh. C.  Counsel for Plaintiffs immediately contacted Defendants to request additional information about the terms of the settlement.  *Id.* at ¶ 12, Exh. D.  Defense counsel refused to provide any details whatsoever on grounds that the deal fell through.  *See id.*  Although counsel for Plaintiffs reiterated the importance of understanding the scope of the settlement, including whether the *Conde* Plaintiff was included in the terms of the settlement, Defendant refused to provide any information.  *See id.*  Given Defendants' previous attempts to enter into collusive settlements in the *In re Sensa* case, Plaintiffs in the current action fear a similar attempt may be in the works.  Because Bursor & Fisher has both vigorously and ethically advocated for the rights of putative class members in the current litigation and the previous *In re Sensa* case, Bursor & Fisher is well situated to act as interim class counsel.

**D.    Bursor & Fisher's Experience in Handling Class Actions and Other Complex Litigation**

Bursor & Fisher's experience in class actions and complex litigation also supports their appointment as interim class counsel for this case.  As described above, Bursor & Fisher is well acquainted with the issues presented in the current litigation.  On March 3, 2012, Judge Yvonne Gonzalez Rogers appointed Bursor & Fisher as interim class counsel for a proposed class of purchasers of Sensa over the motions of competing firms.  *See In re Sensa*, Case No. 11-cv-01650 RS (N.D. Cal. Mar. 2, 2012).  Fisher Decl., ¶ 2, Exh. A.

Further, Bursor & Fisher has substantial experience handling class actions and other complex litigation.  *See* Fisher Decl., ¶ 13, Exh. E.  The firm's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States.  *Id.* at ¶ 14.  For example, the attorneys of Bursor & Fisher have been appointed by courts to represent purchasers of Avacor, children's homeopathic cold and flu remedies, Xenadrine, LG refrigerators, and Crest toothpaste products, as well as customers of Verizon

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

14

Wireless, AT&T Wireless, Cingular Wireless, Sprint, T-Mobile, Michaels Stores, and CitiMortgage. *Id.*

Notably, on November 21, 2011, Bursor & Fisher obtained final approval for a $23 million nationwide consumer class settlement in *O'Brien v. LG Electronics*, Case No. 10-cv-3733 (D.N.J.). *Id.* at ¶ 15. Also, on December 9, 2011, Bursor & Fisher obtained class certification and was appointed class counsel in *In re Pacific Bell Late Fee Litig.*, Case No. MSC 10-00840 (Cal. Super. Ct., Contra Costa Cnty.), representing a class of three million California residents who paid Late Payment Charges imposed by PacBell for wireline telephone services. *Id.* at ¶ 16. Last year, Bursor & Fisher negotiated and earned preliminary approval for a $38 million nationwide class settlement in that case. *Id.*

Additionally, on November 8, 2013, Bursor & Fisher was appointed co-lead counsel in *In re 5-Hour Energy Marketing and Sales Practices Litig.* (C.D. Cal.), an MDL proceeding that consists of over a dozen cases. *Id.* at ¶ 17. On April 9, 2014, Chief Judge George King in the Central District appointed Bursor & Fisher co-lead class counsel for a certified nationwide class of purchasers of children's homeopathic cold and flu remedies in *Forcellati v. Hyland's, Inc.*, (C.D. Cal. Apr. 9, 2014). *Id.* at ¶ 18. On October 29, 2014, Chief Judge Morrison C. England in the Eastern District appointed Bursor & Fisher lead interim class counsel for a putative nationwide class of purchasers of homeopathic cold and flu products in *Melgar v. Zicam, LLC, et al.* (E.D. Cal. Oct. 29, 2014). Chief Judge England noted that there was "ample support" that "Bursor & Fisher is eminently qualified to represent a class in this type of litigation." *See* Fisher Decl. at ¶ 19; *see also Melgar*, Dkt No. 21, Case No. 14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014).

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to the three largest classes ever certified. *Id.* at ¶ 20. They also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

15

*Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). *Id.* These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id.*

The lawyers of Bursor & Fisher also have an active civil trial practice, having won multi-million dollar verdicts or recoveries in four of four civil jury trials since 2008. *Id.* at ¶ 21. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and the class on a CLRA claim. *Id.* In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.*

Proposed interim class counsel is also knowledgeable about the law applicable to the claims herein, as demonstrated by its experience litigating other multi-state class actions, and in particular complex consumer fraud class actions. As set forth above, Bursor and Fisher is very familiar with litigating large-scale consumer and complex actions. Additionally, the lawyers at Bursor & Fisher are intimately acquainted with this Court's local rules and procedures. Fisher Decl. at ¶ 1.

The final Fed. R. Civ. P. 23(g)(1) factor, which concerns the resources counsel will commit to the case, also strongly supports appointing proposed interim class counsel. Bursor & Fisher is prepared to provide significant resources and personnel to this complex class case. The previous litigation conducted by counsel in *In re Sensa* has already demonstrated that counsel has the will and ability to commit the necessary time and resources to assure a strong and supported case. Proposed interim counsel's resources are not merely financial, but also include substantial expertise and relevant experience, which were developed in other consumer class action cases and that will greatly benefit the Plaintiffs and the putative class. The ability to draw from this well-developed experience will streamline the litigation. As

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT
INTERIM CLASS COUNSEL

CASE NO. 3:14-CV-02120 JLS WVG

16

interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as they have committed to their other, successful litigations.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the cases be consolidated and that the Court appoint Bursor & Fisher as interim class counsel.

Dated:  November 3, 2014                    **BURSOR & FISHER, P.A**


By:_____*/s/ L. Timothy Fisher*_____
             L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            apersinger@bursor.com
            jluster@bursor.com


*Attorneys for Plaintiffs Mollie Delaney,*
*Angela Dobbins, and Amanda Retcofsky*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on November 3, 2014, at Walnut Creek, California.

_____
Debbie Schroeder